**TEXAS EMPLOYERS' INS. ASS'N v. BOYD.**

No. 6246.

Court of Civil Appeals of Texas. Texarkana.

Nov. 21, 1946.

**258**

Wheeler & Atchley and Fred K. Newberry, all of Texarkana, for appellant.

William V. Brown, of Texarkana, for appellee.

HARVEY, Justice.

Elmo Boyd filed suit in the 102nd Judicial District Court of Bowie County against Texas Employers' Insurance Association under the terms of the workmen's compensation statute, Vernon's Ann.Civ.St. art. 8306 et seq., and from a judgment based upon a jury verdict awarding him compensation for total and permanent disability the defendant has prosecuted this appeal.

Appellant assigns error, among other things, to the action of the trial court in permitting a physician introduced as appellee's witness to testify as to the plaintiff's physical condition, and the extent and duration of his disability, because such testimony was based partly upon self-serving statements of the plaintiff that were made about one year after the injury claimed to have been suffered by him, and were made to the doctor for the purpose of enabling him to testify as a witness in the case and not for the purpose of treating the plaintiff. In this connection, the bill of exception approved and filed by the trial judge reads as follows:

"Be It Remembered:

"That upon the trial of the above styled and numbered cause during the February Term of said court, 1946, Dr. Robert S. Webbe was called by the plaintiff as a witness in plaintiff's behalf and on said trial testified among other things, that he gave the plaintiff a physical examination for the first time about a week before the trial of the case and for the purpose of forming an opinion and conclusion as to plaintiff's condition; that he did not give medical treatment to plaintiff nor did he examine plaintiff for treatment; that during such examination plaintiff told him, the witness, a history of his case and his complaints, that is, plaintiff told him of his injury, the background, continuance, the symptoms and severity of pain and suffering, all of which were the basis of his complaints herein. The court, over defendant's objection hereinafter fully set out, permitted said witness to testify that from a history of the case, that is, subjective symptoms as related by plaintiff, and from the objective symptoms, that is those symptoms which the said witness could actually find or see, he, the said witness, formed an opinion and conclusion as to the nature and extent of plaintiff's injuries and the duration of the resulting incapacity; that in his opinion plaintiff was totally and permanently incapacitated as a result of the injuries complained of by him in this suit. Before said witness testified as to such opinions and conclusions herein above related, the defendant duly and timely objected thereto upon the grounds that the physical examination of plaintiff was made by the witness for the purpose of allowing such witness to testify on the trial of said case and not for the purpose of treatment and the opinions and conclusions

of said witness were based in part upon the subjective symptoms, that is a history of the case and/or what the plaintiff told said witness, which subjective symptoms and history were hearsay and self-serving declarations of the plaintiff. The court overruled the defendant's objections and permitted the said witness to testify as above cited, to which action of the court the defendant then and there in open court duly and timely objected and excepted to the court's ruling, admitting such testimony."

Counsel for appellee takes the position that the statement of facts does not bear out the recitals of fact as reflected by the bill of exceptions, and therefore could not be accepted as correct. Rule 372(k), Texas Rules of Civil Procedure, provides that where there is a conflict between the provisions of a bill of exception and those of the statement of facts, the bill of exception shall control.

■ Appellee contends further that the bill of exception should not be considered because it does not recite that it was presented to counsel for the opposite party for examination. In oral argument on appeal, it was disclosed that a hearing was had by the court as to whether or not the bill as presented for approval was correct, both parties being present, and the court approved and filed the bill in question, no exception being taken to such action. We do not think the bill of exception is defective merely for the reason that it does not recite that it was submitted to the opposite party. An affirmative showing that it was not presented and that the opposing party had no opportunity to make an objection to such bill would be necessary to make tenable the proposition urged by appellee.

The bill of exception definitely reflects that the doctor testified that he examined the plaintiff, Boyd, for the purpose of forming an opinion as to his condition; that the plaintiff gave him a history of the case, his complaints, the continuance of and the severity of the pain suffered by him, and the symptoms of injury, and that from the subjective symptoms as related by him, as well as from objective symptoms, the witness formed his opinion and conclusion as to the nature and extent of plaintiff's in-juries and the duration of the resulting incapacity.

■ It has been held quite uniformly that a doctor's opinion as to one's disability based in part, at least, upon hearsay statements made to him by the injured party is not admissible in evidence upon the trial of a case in court. Texas Employers' Insurance Association v. Wallace, Tex.Civ. App., 70 S.W.2d 832, and numerous authorities cited. We quote a brief excerpt from the case of Traders & General Insurance Company v. Rhodabarger, Tex.Civ.App., 93 S.W.2d 1180, 1183, as follows: "The courts in this and other states have held that a physician's opinion that an injured employee was totally and permanently incapacitated to perform labor as a workman was inadmissible where such opinion was based partly upon hearsay and self-serving statements made to him by an unsworn employee, pertaining to the history of his case and to subjective symptoms as to his injuries."

We think the testimony of the physician in the instant case, based partly as it was upon the hearsay statement of the injured person, was inadmissible. An entirely different situation would be presented where the doctor's opinions were predicated solely upon objective symptoms, even though a history of the case had been given him by the injured party.

■ Appellant also urges that the facts developed on the trial of the case did not show that notice of injury had been given by the employee to the employer within the statutory period. The employee, Boyd, a negro, testified that shortly after he had suffered an injury to his back while handling a "buggy" loaded with heavy pipe, as an employee of the W. S. Dickey Clay Manufacturing Company, he went to his foreman on the premises and told him he had hurt his back; that he was going home. He further testified that the foreman told him he hated to see him leave. Under the Texas workmen's compensation statute it is not necessary that any formal kind of notice of injury be given. We are of the opinion that under the facts of this case the form of notice given by the employee, who apparently was an illiterate negro, was

sufficient. It could be deduced very logically from what he said to the foreman that he had just injured his back while working, as he was, on the employer's premises in the course of his employment.

For the error referred to herein, the case is reversed and remanded for a new trial.