TEXAS STATE HIGHWAY DEPARTMENT V. AVA FILLMON.

No. A-3129. Decided July 18, 1951.
Rehearing overruled October 3, 1951.
(242 S. W., 2d Series, 172)

*Price Daniel,* Attorney General, and *William S. Lott,* Assistant Attorney General, for petitioner.

The Court of Civil Appeals erred in holding that there was evidence to support the finding and judgment of the trial court that deceased worked on the morning of his death; that he died as the result of a heat stroke, and that good cause was shown for respondent's delay in filing her claim until after the six month period had elapsed. Pacific Indm. Co. v. Sanders, 216 S.W. 2d 288; American Gen. Ins. Co. v. Webster, 118 S.W. 2d 1082; Great American Indm. Co. v. Dabney, 128 S.W. 2d 496.

*Brooks, Duke, Templeton & Brooks* and *Scarborough, Yates, Scarborough & Black,* all of Abilene, for respondent.

Cited: Custer v. McGough, 184 S.W. 2d 668; Texas Emp. Ins. Ass'n. v. Morgan, 187 S.W. 2d 603; Martin v. Travellers' Ins. Co. 196 S.W. 2d 544.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a workmen's compensation case filed by respondent, Ava Fillmon, against petitioner, Texas State Highway Department, to recover workmen's compensation. Respondent alleged that her husband, E. L. Fillmon, while engaged in the course of his employment with the Texas State Highway Department, suffered a heat stroke which caused his death on September 5, 1947. It is undisputed that Mrs. Ava Fillmon is the surviving widow and sole beneficiary of E. L. Fillmon, deceased. Notice of injury and claim for compensation were not filed with the Industrial Accident Board of the State of Texas until August 24, 1949.

On September 27, 1949, the Industrial Accident Board issued notice to all parties concerned that a hearing on said claim would be held before the Board in Austin, Texas, on November 1, 1949. On November 17, 1949, the Board entered its final ruling and award holding that it was without jurisdiction because of its finding that respondent had failed to establish by proof that claim was filed within six months, as provided by

law, or that good cause existed for delay in filing the claim until August 24, 1949. On November 21, 1949, respondent gave notice of her intention to appeal from said final ruling, decision and award made by the Board, and thereafter, on November 26, 1949, within the time required by law, caused this suit to be filed in the District Court of Taylor County.

The case was tried before the court without the intervention of a jury, and at the close of the testimony, the trial court rendered judgment for the respondent.

The judgment which was rendered and entered by the trial court in this case contains the following findings of fact: (a) "that on September 5, 1947, E. L. Fillmon was employed by the Texas State Highway Department in the capacity of a laborer at a gravel pit in Taylor County"; (b) "that the said E. L. Fillmon died on September 5, 1947, as a result of an injury received while at work in the above mentioned gravel pit"; (c) "that the gravel pit was below the surface of the earth and under conditions of intense heat to which the general public was not subjected"; (d) "and the said E. L. Fillmon, while working at such time and place and under such conditions, suffered the injury of heat stroke which was the producing cause of his death."

On appeal to the Court of Civil Appeals for the Eleventh Supreme Judicial District of Texas, the judgment of the trial court was affirmed. 236 S.W. 2d 635.

Petitioner presents to this Court four points of error, as follows: (a) the holding of the Court of Civil Appeals that there was evidence to support the finding and judgment of the trial court that the deceased actually worked on the morning of his death; (b) that said court erred in holding that there was evidence to support the finding and judgment of the trial court that E. L. Fillmon died as a result of a heat stroke; (c) the Court of Civil Appeals erred in holding that the trial court had jurisdiction to pass on issues going to the merits of respondent's claim; (d) the Court of Civil Appeals erred in holding that there was evidence to support the finding and judgment of the trial court that good cause was shown for respondent's delay in filing her claim until August 24, 1949.

We shall dispose of these points in the order named.

■ The petitioner's brief in the Court of Civil Appeals failed

to assign as error the finding of the trial court that the deceased, E. L. Fillmon, actually worked on the morning of September 5, 1947, and this question was not raised until the filing of petitioner's motion for rehearing in the Court of Civil Appeals. A point not assigned as error in the Court of Civil Appeals cannot be considered here. Edwards v. Strong, 147 Texas 155, 213 S.W. 2d 979; T. R. C. P., Rule 469(c).

■ However, in view of the other points of error which were properly raised by petitioner in the Court of Civil Appeals that there was no evidence to support other material findings of the trial court as well as the Court of Civil Appeals, we have carefully examined the record in its entirety and we are of the opinion that there is evidence to support the finding of fact that the deceased, E. L. Fillmon, was actually working and had been engaged in the performance of his duties for his employer during the morning of September 5, 1947, the date of his death.

In our opinion, the testimony of J. A. Moore, a witness called by the respondent, supports the finding of the trial court on this issue. Moore testified that Fillmon rode in a car with him that morning to the gravel, or caliche pit; that they arrived about 9:00 A. M.; that Fillmon went there to throw oversize rocks out of the pit; that Mr. Fillmon worked by himself except when we were loading. The record shows that Moore and one Carlisle were hauling gravel from the pit, and when they would return for a load, Fillmon would stand aside until the trucks were loaded. Moore further testified, in answer to the following question propounded on cross-examination: "I will ask you how big the over-size rocks were that he was to throw out and *did throw out.*" "Well, that's hard to answer but I don't believe they would have weighed over fifteen pounds." (Emphasis added); that Fillmon's job was to keep the rocks out of the way of the loading; that he didn't see Fillmon throw out any rocks that morning, but "what he threw out was while I was gone." Moore further testified that he returned to the pit twice for a load of gravel and each time Fillmon was down in the pit.

Although he says he didn't see him on any occasion throw out the rocks, he does testify to facts showing that Fillmon had thrown out rocks in his absence. There is no testimony that the truckers were delayed in loading on account of the failure of Fillmon to separate the larger rocks from those suitable for use. Fillmon was the only man working in the pit. Under the circum-

stances, there was no one other than Fillmon to have removed the rocks which Moore said had been moved or thrown out of the pit.

Mr. Moore reported the death of Mr. Fillmon to the maintenance foreman, Mr. F. M. Mangum, and in connection with the report to his superior, who was also the foreman over Mr. Fillmon, stated that the deceased had thrown some rocks out of the pit.

■ Petitioner next contends that there was no evidence to support the finding and judgment of the trial court that E. L. Fillmon died as a result of a heat stroke. This same point was raised and properly presented in the Court of Civil Appeals.

The petitioner submits that all of the evidence tending to show that Fillmon died as a result of a heat stroke was inadmissible. With this contention we cannot agree. The evidence contained in the Statement of Facts, a part of which is set out above, and in the opinion of the Court of Civil Appeals, was introduced without objection. Dr. Tull, one of the doctors who performed an autopsy soon after the death of Mr. Fillmon, was asked a series of hypothetical questions. The questions and answers thereto, which were given without objection, are set out in the opinion of the Court of Civil Appeals; therefore, they will not be repeated here.

Petitioner contends that, because the doctor stated that his opinion about the heat was based on hearsay, his entire testimony was rendered incompetent and cannot be considered by this Court in determining whether there was any evidence to support the finding that the death of Fillmon was produced by a heat stroke.

The petitioner cites the case of Texas Employer's Ins. Ass'n. v. Boyd, 199 S.W. 2d 257. In that case, the trial court permitted the doctor to testify over the objection of the defendant, that his opinion was based partly upon statements of the plaintiff made about one year after the alleged injury. The Court of Civil Appeals held that such testimony was inadmissible.

However, we have a different situation presented in the instant case. We do not have in this case hypothetical questions, based upon "hypothetical facts"; but to the contrary, each hypothetical question and the answer of Dr. Tull thereto, were based upon facts proved in the trial of the case.

■ A medical expert may base an opinion on his own observation of the facts, on an assumed state of facts which the evidence tends to establish, on competent evidence in the case, or partly on facts within his own knowledge and partly on facts shown by the testimony of others. 32 C. J. S., Section 536, p. 255; 22 C. J., Note 37(b), p. 640; Southern Underwriters v. Blair, 144 S.W. 2d 641; Texas Employers' Ins. Ass'n. v. Arnold, 105 S.W. 2d 686; Texas Employers' Ins. Ass'n. v. Morgan, 187 S.W. 2d 603.

■ The contention is made that Mr. Fillmon died from a condition not relative to his employment, and that the effect would have been the same regardless of his employment. The record reflects some evidence to the effect that the deceased, on several occasions, complained of "a hurting in the chest." Liability for damages for personal injuries sustained by an employee while engaged in the furtherance of the business of his employer cannot be defeated by showing that the employee was not a well person at the time of injury. Guzman v. Maryland Casualty Co., 130 Texas 62, 107 S.W. 2d 356.

■ Petitioner next attacks the judgments of the trial court and the Court of Civil Appeals wherein it was held that the trial court had jurisdiction to pass on all questions of compensability, amount of compensation to be paid, and other issues going to the merits of respondent's claim. On September 27, 1949, the Industrial Accident Board issued and caused to be served a notice of hearing on this claim to be held in Austin, Texas, on November 1, 1949. The claim was set for a hearing on its merits. On November 17, 1949, the Board entered its final award dismissing the claim from the docket because of its finding that claimant had failed to establish by proof that her claim was filed within six months, or that good cause existed for delay in filing.

Petitioner urges that on appeal the jurisdiction of the district court was limited to a determination of the issue of good cause. We cannot sustain this contention. All issues of fact, including the issue of good cause, were before the Board for determination. The effect of the final award in this case was to deny the claimant compensation. The district court, in the trial de novo, had jurisdiction to consider and determine all issues of fact presented by the pleadings and supported by the evidence. Texas Employers' Ins. Ass'n. v. Bradshaw, 27 S.W. 2d 314; Coffey v. Management Co. of Texas, 121 S.W. 2d 377.

The fourth point of error presented by petitioner attacks

the holding of the Court of Civil Appeals wherein it held that there was evidence to support the finding of the trial court that good cause was shown for respondent's delay in filing her claim until August 24, 1949.

■ The issue of good cause is one of fact to be determined by the trier thereof. In this case, the trial judge, without the intervention of a jury, heard the evidence offered by the plaintiff and the defendant and thereafter resolved the issue in favor of respondent.

The finding of the trial court and the affirmance thereof by the Court of Civil Appeals must be upheld unless the respondent failed to meet the test of good cause for delay. Such test for delay is that of ordinary prudence, that is such course of conduct as would be pursued by an ordinarily prudent person acting under the same or similar circumstances. Texas Indemnity Ins. Co. v. Cook, 87 S.W. 2d 830, writ refused; Hawkins v. Safety Casualty Co., 146 Texas 381, 207 S.W. 2d 370.

■ In our opinion, the evidence in this case reveals that respondent discharged the burden of proving the issue of good cause. It is unnecessary for us to set out in detail the evidence offered and admitted on this question. The facts are fully set out in the opinion of the Court of Civil Appeals. We have also carefully examined the Statement of Facts and find that a number of witnesses gave testimony pertaining to this question. They accounted for her actions and conduct throughout the period from September 5, 1947, until the date of filing the claim. Each of these witnesses was in a position to see and observe her and testified that during the entire period of time she was sick mentally and physically and incapable of acting with the same prudence of an ordinarily prudent person. Dr. Adams testified that Mrs. Fillmon was his patient and under his care and treatment from March, 1948 until March, 1949. Dr. Prichard testified that she was under his observation and treatment from March, 1949 until the date the claim was filed. Both doctors detailed to the court facts supporting their opinion that Mrs. Fillmon was at all times, during the above mentioned periods of time, incapable mentally and physically of acting as an ordinarily prudent person.

Under the evidence in this case when construed most favorably for the claimant, we cannot say, as a matter of law, that it admits of no other conclusion than that Mrs. Fillmon failed to show good cause for delay in filing her claim. It may be de-

termined against her only when this is true. Martin v. Travelers Ins. Co., 196 S.W. 2d 544; Hawkins v. Safety Casualty Co., supra.

The judgments of the Court of Civil Appeals and the district court are affirmed.

Opinion delivered July 18, 1951.

Associate Justices Griffin and Wilson, dissenting, without written opinion.