Clifton NIXON, Appellant,

v.

I. C. COLLINS, Appellee.

No. 14627.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 22, 1967.

Williams & Darden, San Antonio, for appellant.

J. Anthony Guajardo, San Antonio, for appellee.

KLINGEMAN, Justice.

Suit by Clifton Nixon, plaintiff in the trial court and appellant here, against I. C. Collins, d/b/a Collins Funeral Home, hereinafter called "Collins," and Louis C. Reddoch and wife, Doris Reddoch, d/b/a Eastview Cemetery, hereinafter called "Eastview," to recover damages for wrongful disinterment of the body of plaintiff's mother and removal thereof from one lot to another lot in the Eastview Cemetery. Trial was to a jury. Eastview's motion for an instructed verdict was granted by the court, but a motion for instructed verdict by Collins was denied. In answer to the special issues submitted, the jury found that plaintiff sustained damages in the amount of $1,000.00 for mental anguish suffered as a result of the removal of his mother's body; that Collins acted maliciously, as defined by the court, in ordering the removal of the body from one lot to another; and that plaintiff was entitled to exemplary damages in the sum of $1,000.00. Collins thereafter moved for a judgment non obstante veredicto which was granted by the court, and judgment entered that plaintiff take nothing against Eastview and Collins. No appeal is taken from such judgment insofar as Eastview is concerned, and this appeal is confined to the action of the court in granting Collins' motion for judgment non obstante veredicto, on the grounds that the jury's findings to the special issues submitted to them are amply supported by the evidence, and that the trial court erred in granting Collins' motion and entering a take-nothing judgment as to Collins.

Collins has heretofore filed in this Court a motion for dismissal of this appeal on the basis that plaintiff failed to timely perfect his appeal, which motion was overruled. Collins in his brief filed herein, while not specifically setting forth a counterpoint in this regard, still asserts that Nixon's appeal should have been dismissed. The record discloses that final judgment was signed and filed in said cause on February 17, 1967. Such judgment recited that by agreement of the parties the judgment was ordered to be filed nunc pro tunc as of May 1, 1966. Under Rule 306b, Texas Rules of Civil Procedure, where a judgment is entered nunc pro tunc, the right of appeal shall date from the date of rendition of the nunc pro tunc judgment, which shall be deemed to be the date when the trial judge signed the nunc pro tunc judgment if the date is shown therein; and the periods within which the various steps in such an appeal are to be taken shall be computed from that date. Collins in his motion for dismissal refers to a judgment entered on June 24, 1966, and a motion for new trial filed July 14, 1966, but neither is in the record and they are not before us. Plaintiff's motion for new trial

was timely filed on February 27, 1967. Rule 329b, T.R.C.P. This motion was overruled by the court on April 6, 1967. Notice of appeal was filed on April 17, 1967, the eleventh day, but April 16, 1967, was a Sunday, and such motion was timely filed. Rules 4 and 353, T.R.C.P. The appeal bond, transcript, statement of facts, and appellant's brief were all timely filed. Appellee's motion to dismiss is without merit.

Collins presents counterpoints asserting that the court erred in not granting him an instructed verdict, and in submitting a charge to the jury. He further contends that the court did not err in granting a judgment non obstante veredicto because plaintiff failed to establish any cause of action, failed to prove that plaintiff and Collins had entered into any type of contract, failed to prove that the act committed was a wrongful act and maliciously done; that there was no evidence to support an award of damages, actual or exemplary, and that the disinterment and removal of such body was in accordance with law.

A review of the evidence shows that Sallie Fields was the mother of plaintiff, that her husband was dead, and that plaintiff was her only child. Mrs. Fields died in September of 1963 and was buried by the Collins Funeral Home in Eastview Cemetery in Grave 12, Lot 730, Block G. The funeral arrangements were made by plaintiff with such funeral home, and plaintiff testified that he was shown and selected such grave lot prior to his mother's burial. The funeral bill, which was introduced into evidence, is billed to plaintiff in account with Collins Funeral Home, with a notation thereon "Funeral Expense of Mrs. Sallie Fields," and the further notation, "1 Complete Funeral $671.50, 1 Dress $19.50," aggregating a total bill of $691.00. There is attached to the bill, on a separate sheet, an itemization of such funeral expenses, which includes an item of $60.00 marked "G". D. C. Collins, the son of I. C. Collins and an employee of Collins, who handled the funeral arrangements in connection with Mrs. Fields' burial, testified that such item "G" represented the cost of the grave site. The evidence shows that $500.00 cash was paid on such bill, with the balance in monthly payments, all of which monthly payments were timely paid by plaintiff. It is undisputed that such funeral bill was paid in full.

Sometime in March, 1964, plaintiff went to visit his mother's grave, and at such time discovered that his mother's body had been moved from Grave 12, Lot 730, to another grave site. The testimony is undisputed that plaintiff's permission to move such body was not obtained. The testimony is conflicting as to just what efforts were made by Collins to obtain plaintiff's consent. Collins testified that he phoned plaintiff's house several times, but was unable to contact him. Plaintiff testified that he had the same phone number and had lived in the same house for many years, and that neither he, nor his wife, who lived with him and who did not work, ever received any such phone calls. Although Collins testified that he looked up plaintiff's address in a "Criss-Cross," there is no evidence that any letter or other notice was ever mailed to plaintiff. Further, the evidence shows that during the time the removal was being contemplated plaintiff was making monthly payments on the funeral bill, and receipts of such payments were received by plaintiff and introduced in evidence.

Plaintiff testified that as a result of such moving he became nervous, forgetful, could not sleep well at night, and that his sexual ability had been affected. Plaintiff's wife corroborated such testimony.

Collins maintains that no deed was ever executed by anyone giving plaintiff any right, title, or interest in and to either the original burial plot or to the plot to which the body was moved. According to the documentary evidence introduced, the record title to both such plots was in Collins at the time of the original burial and at the time of the removal, and

Mrs. Reddoch, one of the owners of East-view Cemetery, testified that her records reflected Collins as still the owner. We do not see how the fact that Collins failed to execute a deed to a grave lot after receiving the consideration therefor can serve as any defense for Collins. Collins testified that the burial on the original site was the result of a mistake, but certainly it was not plaintiff's mistake. Collins also maintains that the removal of such body was done in a lawful manner under the provisions of Art. 912a–22, Vernon's Ann. Civ.St. Such statute provides in part:

"The remains of a deceased person interred in a plot in a cemetery may be removed therefrom with the consent of the cemetery association and the written consent of the surviving wife or husband, or if there is no surviving husband or wife, then of the children; * * *. If the consent of any such person or of the association cannot be obtained, permission by the county court of the county where the cemetery is situated shall be sufficient. Notice of application to the Court for such permission must be given * * * to the cemetery association, and to the persons not consenting * * *. This provision shall not apply to or prohibit the removal of any remains from one plot to another in the same cemetery or the removal of remains by the cemetery association from a plot for which the purchase price is past due and unpaid, to some other suitable place."

We do not construe such statute as authorizing a funeral home to move a body from one grave site to another in the same cemetery at its will, without obtaining either the permission of the next of kin, or permission of the county court in accordance with the provisions of the statute.

■■ To sustain the action of the trial court in granting the motion for judgment notwithstanding the verdict, it must be determined that there is no evidence on which the jury could have made the findings relied upon. In acting upon such motion all testimony must be construed in a light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in such party's favor. Leyva v. Pacheco, 163 Tex. 638, 358 S.W. 2d 547 (1962); Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952); Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206 (1950).

■ Applying the standards above set forth by our Supreme Court to the case on appeal herein, we hold that the trial court erred in overturning the jury's verdict and granting Collins judgment non obstante veredicto.

■ The surviving spouse or next of kin has an action for the violation and desecration of the grave where a body is buried. Love v. Aetna Casualty & Surety Co., 99 S.W.2d 646 (Tex.Civ.App.—Beaumont 1936, no writ); 17 Tex.Jur.2d Dead Bodies, §§ 16, 17. The case of Flores v. De Galvan, 127 S.W.2d 305 (Tex.Civ.App. —San Antonio 1939, writ dism'd jdgmt. cor.) was an action to recover damages for wrongful disinterment of plaintiff's deceased husband's body and reburial thereof in another cemetery lot, in which a permit was obtained by the undertaker from the health department for such removal, but no authorization obtained from the widow. Flores' widow testified that after learning of the removal, she became nervous, was humiliated, and suffered mental anguish. This Court in sustaining a verdict for $1,000.00 actual damages and $350.00 exemplary damages said: "In a case such as this, where the law furnished no legal rule for the measurement of damages, the amount to be awarded rests in the discretion of the jury. The amount awarded by a jury is subject to review by the courts. The courts are reluctant to interfere and will only do so when it is so clearly excessive as to indicate that the verdict was the result of passion or prejudice, or that the jury disregarded the evidence or rules of law." See also Classen v. Benfer, 144

S.W.2d 633 (Tex.Civ.App.—San Antonio 1940, writ dism'd jdgmt. cor.); J. E. Dunn & Co. v. Smith, 74 S.W. 576 (Tex.Civ.App.—Dallas 1903, writ ref'd); 17 Tex.Jur.2d, Damages, § 186.

The judgment of the trial court is reversed as to Collins and judgment rendered for Clifton Nixon against I. C. Collins in the sum of $2,000.00, being $1,000.00 damages for mental anguish and $1,000.00 exemplary damages, in accordance with the jury verdict, with interest at the rate of 6% per annum from February 17, 1967, until paid. All costs are assessed against appellee.