**Wilbur Denzil STONE, Appellant,**

v.

**The FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee.**

**No. 7951.**

Court of Civil Appeals of Texas.

Texarkana.

July 22, 1969.

Dan Francis, Jones & Francis, Waco, for appellant.

J. D. McLaughlin, Fisher, McLaughlin & Harrison, Paris, for appellee.

CHADICK, Chief Justice.

Notwithstanding the jury's verdict upon special issues, the trial judge rendered judgment denying Wilbur Denzil Stone the benefits sued for in this Workmen's Compensation Law action. The merits of the appeal may be expeditiously tested by considering the first counter-point of the appellee, The Fidelity & Casualty Company of New York, that, as a matter of law, Stone did not make out a case showing good cause for waiver of strict compliance with the provisions of Vernon's Ann.Tex. Rev.Civ.Stat.Ann. art. 8307 § 4a. The article requires a claim for compensation to be made within six months after the occurrence of an injury.

In the course of his employment as a mechanic with Clement Bros. Construction Company, Wilbur Denzil Stone was at his work on January 12, 1966, when he received an injury to his hearing faculties. To use his words, he was injured when exceptionally loud noise attendant on his job "messed up" his ears. Slightly more than ten months later, in December, 1966, he filed a claim for compensation with the Industrial Accident Board. His testimony is positive and clear that he was told by the medical specialist treating him, and that he knew and realized, that his ear condition was serious, permanent and disabling as early as June, 1966. According to his testimony, the injury continuously disabled him from the time of injury until the time he filed his claim and that injury and incapacity persisted thereafter to the date of trial.

As good cause for failure to timely file his claim, Mr. Stone testified: "Dr. Hunt told me that I would learn to live with the buzzing in my ears, I would learn what I could do and could not do, and he released me. All right. I thought I was

going to get all right, but instead of getting all right I got worse." Apparently with reference to the doctor having advised him that he would learn "what he could do and what he could not do", he testified that he continued to rely upon the doctor's advice until the time a claim was filed the following December.

 It is established that the Workmen's Compensation Law requires an injured employee to prosecute his claim for compensation with the degree of diligence that an ordinary prudent man, situated as he was, would have exercised under the same or similar circumstances. Texas State Highway Department v. Fillmon, 150 Tex. 460, 242 S.W.2d 172 (1951); Consolidated Casualty Insurance Co. v. Perkins, 154 Tex. 424, 279 S.W.2d 299 (1955); Consolidated Underwriters v. Seale, 237 S.W. 642 (Tex.Civ.App., Beaumont 1922, error dism'd w.o.j.); Texas Indemnity Ins. Co. v. Fry, 41 S.W.2d 679 (Tex.Civ. App., Amarillo 1931, error ref'd); New Amsterdam Casualty Co. v. Chamness, 63 S.W.2d 1058 (Tex.Civ.App., Eastland 1933, er. ref'd); 63 Tex.Jur.2d, Workmen's Compensation § 307. And it is equally well settled that the good cause that excuses timely filing must exist until the date the claim is filed. Holloway v. Texas Indemnity Ins. Co., 40 S.W.2d 75 (Tex.Com.App. 1931, opin. adopt.); New Amsterdam Casualty Co. v. Scott, 54 S.W.2d 175 (Tex.Civ. App., Eastland 1932, writ ref'd); Jones v. Texas Employers Ins. Ass'n, 128 Tex. 437, 99 S.W.2d 903 (Tex.Com.App.1937); Indemnity Ins. Co. of North America v. Williams, 129 Tex. 51, 99 S.W.2d 905 (Tex.Com.App.1937); Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053 (Tex.Com.App.1939); Texas Employers Insurance Ass'n v. Hancox, 162 Tex. 565, 349 S.W.2d 102 (1961). There is nothing in the record to show that after treatment and advice from the doctor and on being discharged as a patient, Stone misunderstood the permanent nature of his injury or underestimated the extent or severity of his injury and its then incapacitating effect. Neither is there evidence that the injury and disability was slow in development. His only excuse is that the medical specialist's statement to him about his condition led him to believe that his injury would be negligible and his incapacity would be relieved to some extent as he learned what he "could do and could not do".

The action of the trial court in granting judgment notwithstanding the verdict indicates such court concluded that as a matter of law the doctor's statement could not justify a bona fide belief by Stone, during the six months period for making a claim, that his injury would prove to be trivial and would not incapacitate him. The trial court, of course, was considering all of the evidence in the record, including Stone's testimony that since the time of the accident he had suffered a buzzing in one ear and was not able to recline for rest at night; that he was compelled to sleep in an upright position and would become ill at any time he took a prone position either for rest or work. His testimony was that this condition and the ringing in his ears had persisted since the time of injury. Given the most favorable meaning possible, the doctor's advice is not subject to the construction Stone puts on it. Very clearly the doctor advised Stone that his then condition was permanent and that he would have to adjust his life and work to it. There is no implication in the advice that the injury was not serious, or that adjusting to it would alleviate the incapacity then existing.

 The record compels this court to agree with the trial court conclusion that good cause was not shown as a matter of law, because the evidence supports only the conclusion that under the same or similar circumstances an ordinarily prudent man could not have entertained a bona fide belief during the limitation period that his injury was not serious and would have no disabling consequence as time passed.

786

■ The insurance company's motion for judgment non obstante veredicto moved the trial court to "* * * disregard the answers of the jury and enter judgment for the defendant", and as grounds therefor asserted, "[N]o good cause was shown * * * for failing to file a claim for workmen's compensation herein within the statutory period of six months * * *". Stone's brief argues, though no point of error is presented, that the motion, as a pleading, was insufficient to sustain a judgment of the character requested. The legal proposition advanced by the argument is that the motion for judgment non obstante veredicto should have singled out and specified the special issue, or series of issues, submitting the fact question of good cause, and moved the court to disregard them. In support of the proposition argued, Stone cites Hann v. Life & Casualty Insurance Company of Tennessee, 312 S.W. 2d 261 (Tex.Civ.App., San Antonio, 1958, no writ); Nixon v. Collins, 421 S.W.2d 682 (Tex.Civ.App. San Antonio, 1967, no writ); Dunlop Tire & Rubber Corporation v. Slack, 276 S.W.2d 400 (Tex.Civ.App., Fort Worth, 1955, no writ). These cases are distinguishable from this under review. In each case cited the appellate court found that there was controverted evidence pertinent to each special issue submitted. Such circumstance precluded a directed verdict in the particular case, and therefore precluded a judgment non obstante veredicto. The posture of the parties in the present appeal is comparable to that of the parties in Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (Tex.1952).

■ It is provided in Tex.R.Civ.P. 301 that upon motion and reasonable notice the trial judge may render judgment non obstante veredicto if a directed verdict would have theretofore been proper in the case, and that courts may, upon like motion and notice, disregard any special issues jury finding that has no support in the evidence. The question here is whether or not a directed verdict would have been proper before the case was submitted to the jury.

Counsel for the insurance carrier moved for directed verdict, upon the same ground as that heretofore quoted from the motion for judgment non obstante veredicto, at the time Stone completed his evidence in chief. The motion for a directed verdict was denied. The discussion earlier in this opinion of the evidence bearing upon the question of good cause demonstrates that good cause was not proven or a factual issue thereon raised. To recover in the cause of action plead, Stone had the burden of proving facts that would excuse a failure to timely file a claim with the Industrial Accident Board. Tex.R.Civ.Stat. art. 8307 § 4a; 63 Tex.Jur.2d Workmen's Compensation § 407 (1965), and cases listed in the footnotes to that section. Also, Lawler, Texas Workmen's Compensation Law § 241. Failure to discharge this burden of proof was grounds for a directed verdict as well as for judgment non obstante veredicto.

All of appellant's points of error have been considered and reversible error is not found. The judgment of the trial court must be affirmed and it is so ordered.