**Bobby W. POPE, Appellant,**

v.

**CITY OF DALLAS, Appellee.**

**No. 08–81–00120–CV.**

Court of Appeals of Texas,
El Paso.

June 16, 1982.

 

---

**2.** Texas Penal Code Annotated § 19.07 (Vernon    1974).

Bader & Cox, Bert Bader, Dallas, for appellant.

Gary E. Keane, Asst. City Atty., Dallas, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from an order of dismissal granted by the court below in favor of the City of Dallas, Appellee, based on Appellee's plea to the jurisdiction over the subject matter. We affirm.

Appellant, Bobby W. Pope, was the Assistant Chief of Police for the City of Dallas. On September 26, 1979, by letter from the Chief of Police, Pope was demoted from Assistant Chief to Captain for reasons therein stated. On September 27, 1979, Pope gave written notice of appeal to the City Manager, denying the grounds alleged for demotion. By letter dated October 1, 1979, Pope resigned effective October 2, 1979, stating therein that he would make application for his pension upon reaching age 50. The City's letter, dated October 24, 1979, advised Pope that his requested appeal had been set for October 15, 1979, but that Pope's resignation arrived prior to letter notice of the setting being sent to Pope. It further advised him that his resignation constituted a final disposition with regard to his employment, and relinquished his right to an appeal.

On October 31, 1979, Pope's attorney wrote the City Trial Board requesting a hearing before the Board relative to the demotion, citing the City Manager's refusal to hear the appeal. In response to that letter, on November 27, 1979, the City advised Pope's attorney that it had been determined that Pope relinquished his right to appeal his demotion when he resigned. On January 8, 1980, Pope brought suit against the City seeking restoration to the rank of Assistant Chief of Police, and its accompanying benefits. He also prayed he be found not guilty of any dereliction or incompetence. By amendment to his prayer, prior to the order of dismissal of the suit, Pope asked additionally that the court find there was no substantial evidence to support the administrative decision.

On December 1, 1980, the court sustained the City's plea to the jurisdiction, being of the opinion that the court had no jurisdiction over the cause of action pled, nor to pass on the merits of Pope's demotion, unless and until said merits had been finally considered by a trial board pursuant to Chapter XVI, section 12, of the Charter of the City of Dallas. This appeal followed.

By three points of error, Appellant urges the court erred in dismissing, first, because Appellant had exhausted all his administrative remedies; second, because being deprived of both administrative and judicial hearings he has been denied due process; and last, because his demotion had direct and collateral consequences, that the doctrine of mootness did not apply, and therefore Appellant did not relinquish his right to appeal by his resignation (retirement).

For reasons that will become apparent, we consider, first, Appellant's Point No. II relating to due process.

To come under the protection of due process, the right adversely affected by the action of the administrative body must be a vested property right. A person does not have a vested property right in the rank of Assistant Chief of Police, or any other particular rank. *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788 (1951).

Being a police officer is a privilege involving no constitutional right. In matters of privilege, as distinguished from property rights, an administrative determination may be final and conclusive without the right to judicial review. *Fuller v. Mitchell*, 269 S.W.2d 517 (Tex.Civ.App.—Dallas 1954, writ ref'd n. r. e.).

Pope's argument encompasses, as well, an assertion of deprivation of "liberty," the same being his "good name, reputation, honor, and community standing." However, Appellant's pleadings below nowhere contain an assertion that any charges were made public. To raise a liberty interest, it must be shown that the charges were made public. Liberty is not infringed by derogatory information in confidential personnel files. *Kaprelian v. Texas Women's*

*University*, 509 F.2d 133 (5th Cir. 1975). Point of Error No. II is overruled.

Turning to Point No. III, Appellant asserts the dismissal was in error in that the demotion had direct and collateral consequences and the doctrine of mootness did not apply, and, therefore, Pope did not relinquish his right to appeal by his resignation.

■ A case becomes moot when it appears that one seeks to obtain relief upon some alleged controversy when in reality none exists, or upon some matter which, when granted, cannot have any practical legal effect upon a then existing controversy. *Kolsti v. Guest*, 576 S.W.2d 892 (Tex. Civ.App.—Tyler 1979, no writ).

■ When Pope began his appeal, he was an employee and was therefore entitled to an appeal. However, he chose to resign. The Trial Board was only following the authority granted it under the City Charter which is to hear appeals from officers and employees. When Pope requested appeal to the Trial Board, he was not an employee, and by his resignation he voluntarily forfeited his right of appeal before the Trial Board.

Appellant cites cases involving involuntary commitments to mental hospitals and instances of juvenile appeals to demonstrate circumstances where the mootness doctrine does not apply, and the collateral consequences doctrine does apply. In those cases, *State v. Lodge*, 608 S.W.2d 910 (Tex. 1980), and *Carrillo v. State*, 480 S.W.2d 612 (Tex.1972), the courts wrote that the ability to exonerate oneself was beyond a person's control because the sentence given was short, and that it expired before appellate steps could be completed. Here, Pope did have an avenue of appeal available, but because of his decision to resign, the avenue was no longer available. Point of Error No. III is overruled.

In Appellant's first point, the argument is made that Appellant had exhausted all his administrative remedies, and the court erred in dismissing for lack of jurisdiction of the subject matter, and that Appellant was properly before the court and was entitled to a trial.

■ Under the Dallas City Charter, Chapter XVI, section 12, a Trial Board exists to hear and determine charges made against any officer or employee of the city. The Charter provides that a judgment or decision of the Board is final unless appealed to the District Court. Appellee contends that since the Trial Board did not hear Pope's appeal, there was no final decision, and Pope did not exhaust his administrative remedies before this appeal. With this, we do not agree.

■ A final decision is one that leaves nothing open to dispute, and there remains nothing unfinished or inconclusive. *Allen v. Crane*, 257 S.W.2d 357 (Tex.Civ.App.— San Antonio 1953, writ ref'd n. r. e.). In workers' compensation cases, dismissal of a claim and refusal to set a case for hearing have been held to be final orders. *Texas State Highway Department v. Fillmon*, 236 S.W.2d 635 (Tex.Civ.App.—Eastland), aff'd, 150 Tex. 460, 242 S.W.2d 172 (1951), and *Nunmon v. Traders & General Ins. Co.*, 170 S.W.2d 262 (Tex.Civ.App.—Beaumont 1943, no writ).

■ The Trial Board's refusal to allow Pope to appear before the Board is a final decision capable of review by the District Court, and the question for review is the Board's determination that the Board did not have jurisdiction to hear Pope's appeal because he was not an officer or employee. There is no dispute as to the evidence in that regard. Attached to Appellant's petition below are letters showing that Pope had resigned and that he was no longer an officer or employee. Under the substantial evidence rule, the court inquires not whether the trial board actually heard sufficient evidence, but whether the facts that existed at the time of the decision were such as to justify its action. *Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks*, 150 Tex. 433, 242 S.W.2d 181 (1951); *Railroad Commission of Texas v. Shell Oil Co.*, 139 Tex. 66, 161 S.W.2d 1022 (1942); and *Kavanagh v. Holcombe*, 312

S.W.2d 399 (Tex.Civ.App.—Houston 1958, writ ref'd n. r. e.).

Although we believe the court below had jurisdiction and Appellant had exhausted his administrative remedies, an appellate court will not remand a case for trial on the ground that the trial court erred in holding that it had no jurisdiction if the petition itself shows on its face that there are no facts which would entitle the petitioner to relief. *Glen Oaks Utilities, Inc. v. City of Houston*, 161 Tex. 417, 340 S.W.2d 783 (1960).

If the court below had gone further than an inquiry into the legality and reasonableness of an administrative order, substituting a decree which in its opinion an administrative officer should have entered, such action would be in excess of its constitutional powers. *Fire Dept. of City of Fort Worth v. City of Fort Worth*, 147 Tex. 505, 217 S.W.2d 664 (1949).

By Appellant's voluntary resignation, he removed himself from the officer-employee category. There are no facts alleged in the petition entitling Pope to the relief sought. It was error for the court below to rule that it had no jurisdiction, and Point of Error No. I is sustained. But because of the reasons heretofore stated, such error did not amount to such a denial of the rights of the Appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Tex.R.Civ.P.

The judgment is affirmed.