TEXAS GENERAL INDEMNITY COMPANY, Appellant,

v.

Mildred L. GOODWIN, Appellee.

No. C14–84–326CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 14, 1985.

Rehearing Denied April 4, 1985.

S.F. Lewis, Jr., Galveston, for appellant.

Gregory W. Allen, Bieganowski & Allen, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is a workman's compensation case. The jury found favorably for appellee on the issues concerning (1) good cause for delay in filing her claim with the Industrial Accident Board, and (2) the date of last injurious exposure to the hazards of asbestos. The issues before us call for a determination of whether there is any evidence to support these jury findings. We affirm.

Previous to the trial from which this appeal is taken, the trial court had rendered summary judgment in favor of appellant, but such judgment was reversed and remanded for trial. *Goodwin v. Texas General Indemnity Co.*, 657 S.W.2d 156 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

In its first point, appellant contends the trial court erred in failing to direct a verdict in its favor because appellee failed to file her notice of claim with the Industrial Accident Board within six months of the date of death. Appellant acknowledges this is a challenge to the legal sufficiency of the evidence. Therefore, if there is *any* evidence to support the finding of "good cause", the point must be overruled. And, in searching for such evidence, we must be guided by the test laid down by the supreme court:

> The test of a showing of good cause for delay in filing a claim beyond the statutory period is the standard of conduct of an ordinary prudent person. The question is one of fact to be determined by the trial court or jury whose decision will not be disturbed unless the evidence is such that reasonable minds could reach no other conclusion than that good cause was not shown.

*Texas State Highway Department v. Fillmon*, 236 S.W.2d 635, 637 (Tex.Civ.App.—Eastland 1951), *aff'd* 150 Tex. 460, 242 S.W.2d 172 (1951). Bearing in mind these two principles, the evidence reveals the following: The deceased, husband of appellee, had been employed by Marathon Oil Company, some 22 years when he retired in 1972. On November 1, 1977 surgery was performed by Dr. Hink; cancer of the lungs was found, from which he died December 4, 1977. Neither appellee nor the deceased were forewarned of cancer. Following the surgery, Dr. Hink asked appellee if her husband had ever worked around asbestos. She testified "that was the first hint" she ever had that it might be work-related. Sometime in March, 1978, she discussed with her daughter, a legal assistant with Johns-Manville, (a manufacturer of in-

sulating material), in Colorado about filing a claim with the Industrial Accident Board. Her testimony was that her request for a copy of the hospital and clinic records of her deceased husband was denied. It was only after her daughter in Colorado had an attorney call the hospital that she received a copy of the medical records. After she received them, she forwarded them to her daughter who had a physician with Johns-Manville study them. She further testified that while that physician would not render a written report because of a possible conflict, he orally rendered the opinion that the cancer was a "textbook case" of asbestosis, which opinion she received about the first of June 1978. Her daughter assisted her in completing a claim form which she personally took to the post office in La Marque and mailed. She identified a copy of the form dated June 11, 1978 and the testimony reasonably supports the conclusion that it was mailed either that day or reasonably soon thereafter. According to unobjected hearsay testimony, this report was never received by the Industrial Accident Board. Finally, there was some evidence that prior to filing a claim appellee desired to have substantiating evidence that her husband's death was work-related and this was also a reason she had not filed the claim sooner. She gave as her reason for this the fact that one of the duties of her husband was to process such claims and that he had strong feelings against unmeritorious claims.

To hold as appellant suggests, we would have to determine, *as a matter of law*, that the above evidence, construed most favorably to the claimant, admits no other reasonable conclusion than that she failed to act as an ordinary prudent person. *Moronko v. Consolidated Mutual Insurance Co.*, 435 S.W.2d 846 (Tex.1968). We refuse to so hold. Just as the courts have recognized a reasonable period of time for investigation, preparation and filing of a claim after the seriousness of the injury is determined, *Texas Employers' Insurance Association v. Renfro*, 496 S.W.2d 227 (Tex.Civ. App. [14th Dist.] 1973), we believe, under the facts as presented by this record, a

reasonable period of time is allowable for investigation, preparation and filing of a claim to determine if the death resulted from an occupational disease. *See Commercial Insurance Co. of Newark, New Jersey v. Smith*, 596 S.W.2d 661 (Tex.Civ. App.—Fort Worth 1980). Appellant's first point is overruled.

■ In its second point of error, appellant contends the trial court erred in failing to direct a verdict in its favor for the failure of appellee "to comply with the duty of continuing diligence by not filing her claim within a reasonable time after the expiration of the six-month limitation." This, too, is a challenge to the legal sufficiency of the evidence. While there is no real dispute in the evidence, when we look at the evidence in the light most favorable to the finding of good cause, we discern:

After appellee had mailed the notice to the Industrial Accident Board, she subsequently had conversations with her son, who was an attorney, about the matter. He testified that since he did not handle workman's compensation cases he talked with a lawyer friend who did and was advised that it would probably be a month to six weeks before the Board set a hearing and it would then notify the claimant. The son "thought" it was in August or possibly "close to the first of September" when he first called the Industrial Accident Board to inquire about the claim. He was advised by a lady at the Board that the computer did not show a pending claim and her attitude was that this wasn't unusual. The lady then told him not to send another claim immediately but to give her a little time to physically check to make sure if there was some reason it had not been put in the computer. He further stated that after he had waited "a few days—maybe 10 days" he decided to file another claim, which was filed on September 19, 1978.

What we said above applies equally as well to this point. Applying the rule by which we test the legal sufficiency of the evidence, we cannot say this amounts to no evidence. The second point is overruled.

In its third point of error, appellant asserts that it was entitled to judgment as a matter of law under Article 8306 § 25, as it then existed, since appellee's husband was last exposed to asbestos prior to 1970. We disagree.

At trial, through the testimony of appellee, other Marathon employees and appellee's medical expert, there was evidence to support the jury's finding that appellee's husband continued to be exposed to asbestos fibres until his retirement in May, 1972. Since TEX.REV.CIV.STAT.ANN. art. 8306 § 25 was repealed in 1971, the three year limitation period would not be applicable to this case. Appellant's third point is overruled.

The judgment is affirmed.