COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LILIA BELTRAN, | § | No. 08-08-00002-CV |
| Appellant, | § | Appeal from the |
| v. | § | 65th Judicial District Court |
| | § | |
| RAYMUNDO BELTRAN, JR. and | | of El Paso County, Texas |
| JULIAN BELTRAN, | § | (TC# 2004CM4522) |
| Appellees. | § | |

## **O P I N I O N**

Lilia Beltran appeals an order granting a declaratory judgment in favor of her former brother-in-law Julian Beltran regarding Julian's interest in a business owned by her former husband, Raymundo Beltran, Jr, during the marriage. Because Ms. Beltran has been divested of her interests in the business by an irrevocable mediated settlement agreement, the appeal is moot and must be dismissed.

Raymundo Beltran Jr. filed for divorce from Lilia Beltran in July of 2004, alleging that the marriage had become insupportable due to discord or conflict between himself and his wife. On June 20, 2006, Lilia amended her original counter-petition for divorce, adding allegations of breach of fiduciary duty, actual fraud, alter ego, fraudulent transfer, and civil conspiracy against Raymundo, for his transfer of a 50 percent interest on Beltcon Construction, Inc., to his brother Julian Beltran.[1] In response, Julian filed a plea in intervention in the divorce, denying Lilia's

---

[1] To avoid confusion the parties will be referred to by their first names throughout this opinion.

allegations and requesting a declaratory judgment stating that he owns 50 percent of Beltcon Construction, and that Raymundo created an express trust in 1986, holding 50 percent of the corporation stock for Julian's benefit until 1999, when Julian received legal title.

In the interim, Raymundo and Lilia had successfully mediated a divorce settlement, including issues of property division, and care and custody of the couple's only minor child. The Mediated Settlement Agreement signed by both parties and their attorneys was filed on July 16, 2007. The agreement specified that Raymundo was to receive 100 percent ownership of the business entities known as; Beltcon Construction, Inc., Beltran Precast, Inc., Beltran Properties, Inc., and Beltran Investment Club. Lilia agreed to be divested of any community or separate property interest she had in the businesses.

The trial court entered an order granting Julian's plea and entered a declaratory judgment on August 15, 2007. The declaratory judgment stated:

> The Court finds that Raymundo Beltran, Jr. held legal title to all shares of Beltcon Construction, Inc. between 1991 and 1999. The Court further finds that between 1991 and 1999 Raymundo Beltran, Jr. held 50% of his shares in trust for the benefit of Intervenor Julian Beltran as a result of his creation of a constructive or equitable trust. The Court finds that as of 1991, as a result of the creation of a trust by Raymundo Beltran, Jr., Beltcon Construction, Inc. has been owned 50% by Raymundo Beltran, Jr. and 50% by Julian Beltran.
>
> The Court further finds that Raymundo Beltran, Jr. did not transfer shares of Beltcon Construction, Inc. to Julian Beltran with the intent to defraud the community estate of Raymundo Beltran, Jr. and Lilia Beltran; that neither Raymundo Beltran, Jr. nor Julian Beltran intended to conspire to defraud the community estate of Raymundo Beltran, Jr. and Lilia Beltran by the transfer of shares of Beltcon Construction, Inc. to Julian Beltran; and that Beltcon Construction, Inc. is not the alter ego of Raymundo Beltran, Jr.
>
> It is accordingly ORDERED, ADJUDGED, and DECLARED that JULIAN BELTRAN is presently the owner of 50% of the shares of Beltcon Construction, Inc. and has been the owner of 50% of the shares of Beltcon

Construction, Inc. since the date of corporate inception in 1991.

In an additional paragraph added to the end of the judgment, the court added a notation stating that the declaratory judgment disposed of the issues and causes of action contained in Lilia's counter-petitions pertaining to her allegation of fraud, breach of fiduciary duty, civil conspiracy, fraudulent transfer, and alter-ego. Counsels for both Lilia and Julian initialed this additional paragraph.

The trial court entered the Final Decree of Divorce on December 7, 2007. The decree incorporated the terms of the mediated settlement agreement, and stated that Lilia's other causes of action were disposed of in the court's declaratory judgment order. Lilia filed a notice of appeal to this Court on January 7, 2008, for review of the trial court's order granting Julian's plea in intervention and declaratory judgment. Lilia presents four issues for review, arguing the trial court's declaratory judgment was entered erroneously on several grounds. She requests that this Court reverse the declaratory judgment and intervention orders and vacate the court's final judgment. Raymundo has filed a motion to dismiss the appeal for lack of jurisdiction, arguing Lilia's appellate issues were rendered moot by the settlement agreement and final divorce decree. As it is the dispositive issue, we begin with the mootness issue.

Courts do not have authority to provide advisory opinions, or to decide cases on hypothetical or contingent facts. *See Gen. Land Office of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990). The mootness doctrine precludes a court from rendering an advisory opinion. *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). A case is rendered moot when: (1) it appears that a party seeks to obtain a judgment upon some controversy, when in reality none exists; or (2) a party seeks a judgment upon some matter which

cannot have a practical legal effect upon a then existing controversy. *See Pope v. City of Dallas*, 636 S.W.2d 244, 247 (Tex.App.--El Paso 1982, no writ). That is to say, when an actual controversy no longer exists between the parties, "the decision of an appellate court would be a mere academic exercise." *Hanna v. Godwin*, 876 S.W.2d 454, 457 (Tex.App.--El Paso 1994, no writ).

The record establishes that Lilia entered into a mediated settlement agreement whereby Raymundo was given 100 percent right, title, and ownership of the community estate's interest in Beltcon Construction. The agreement expressly divested Lilia of any interest she had in the business. Likewise, Raymundo assumed 100 percent of any debt associated with Beltcon. The agreement was signed by both Raymundo and Lilia, as well as each party's attorney on July 14, 2007, and filed of record in the divorce on July 16, 2007. The divorce decree incorporated the terms of the settlement by awarding Raymundo the community estate's interest in Beltcon, and divesting Lilia's interest in the same.

Lilia does not argue that the settlement agreement itself, nor the decree in which it is incorporated, is invalid or void on any other issue. Nor does she specify how her alleged injury, harm to the community property estate, continues to constitute a "live" controversy despite the fact that she was divested of her interests by agreement. She simply contends that because neither she nor her attorney approved the substance of the decree, she has maintained the right to pursue her causes of action. In essence, Lilia argues she is not bound by that portion of the agreement or the decree that divests her of her interest in Beltcon. We disagree.

Texas Family Code section 6.602 states the requirements for a binding mediated settlement agreement in a divorce proceeding. Such an agreement must prominently state that

the agreement is not subject to revocation, it must be signed by each party to it, and it must be signed by the parties' attorneys if the attorneys are present at the time the agreement is signed. TEX.FAM.CODE ANN. § 6.602(b)(Vernon 2006). The agreement in this case meets the statutory criteria and was not subject to revocation, in whole or in part, by Lilia. *See Brooks v. Brooks*, 257 S.W.3d 418, 422 (Tex.App.--Fort Worth 2008, pet. denied).

Following the settlement and entry of the decree, Lilia no longer had an interest in Beltcon which was, or could be, injured by Raymundo and Julian's actions. As this Court has stated before, "it is a fundamental principle of appellate review that a party on appeal may not complain of errors that do not injuriously affect him or that merely affect the rights of others." *Hanna*, 876 S.W.2d at 457. Because any decision this Court might issue regarding Raymundo and Julian's actions surrounding the transfer of Beltcon would be purely advisory with reference to Lilia, the case is now moot and the appeal must be dismissed. *See id*. at 457-58.

Appellee's motion to dismiss due to mootness is therefore GRANTED, and the appeal is dismissed.

January 20, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.