COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| GABRIEL AVELAR, | § | No. 08-11-00292-CR |
| Appellant, | § | Appeal from |
| v. | § | County Court at Law No. 7 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20100C04140) |
|  | § |  |

## O P I N I O N

Gabriel Avelar appeals his conviction of indecent exposure. A jury found Appellant guilty. The State and Appellant entered into an agreement regarding the punishment to be assessed. The court assessed his punishment in accordance with the agreement at confinement in the county jail for 180 days, suspended for 18 months, and a fine of $500. We affirm.

## FACTUAL SUMMARY

On April 21, 2010 at around noon, Myrna Seijas exited a Wal-mart store at Zaragosa and Vista Del Sol in El Paso. She was walking to her vehicle with her groceries when a Ford Expedition stopped near her. The driver said something to her to get her attention and Seijas turned and looked at him. She saw that the man, who was alone in the SUV, had his pants down and was masturbating. Seijas made an in-court identification of Appellant as the man she had seen in the parking lot. Scared and offended, Seijas continued walking to her vehicle and began

quickly putting the groceries in the trunk of her car, but she became more nervous when Appellant pulled the Expedition around and parked in front of her vehicle. It appeared as though Appellant was continuing to masturbate. Seijas got into her car, called her husband as she was leaving the parking lot, and told him everything that had happened. Seijas also described Appellant and his vehicle to her husband. She could see in her rearview mirror that Appellant had resumed driving around in the parking lot.

Seijas' husband, Jesus Cerpa, testified that he received a call from his wife at around noon on April 21, 2010 and she told him what had happened. He drove to Wal-mart and saw, at the intersection by the store, a vehicle and driver matching the description given to him by his wife. Cerpa followed the SUV to a nearby residence and called both the police and his brother. Cerpa identified Appellant as the driver. After Appellant exited the vehicle, Cerpa approached him and asked him in Spanish, "So you were doing that?" Appellant told Cerpa to wait until his sister-in-law had gone into the house. After she had gone inside, Appellant admitted to Cerpa that he had exposed himself. Cerpa's brother arrived at the house. Cerpa denied that he or his brother had any kind of weapons, including bats.

Mireya Canales, an El Paso police officer, arrived at the house and spoke with Cerpa and his brother who appeared to be upset. Canales did not observe either man to be armed with any kind of weapon, including a bat. After speaking to Cerpa, Canales went to the house and spoke briefly with two females who came to the door. By this time, two other police officers, Enrique Davila and Enrique Carrillo, arrived at the scene and Appellant came out of one of the bedrooms. Davila and Carrillo began speaking with Appellant and Canales resumed speaking with Cerpa. Appellant invited Davila and Carrillo inside the house where he explained that he had a bad rash and warts on his crotch and he had just been trying to "air it out." When Davila asked Appellant

how bad the rash was, Appellant said "I'll show you" and dropped his shorts to show them his crotch and genitals but neither officer saw any sign of a rash, inflammation, or warts. Seijas arrived at the house and identified Appellant as the person who had exposed himself to her. The police arrested Appellant for indecent exposure.

Appellant's sister-in-law, Ashley Zaragosa, testified that Appellant drove her and her son to a doctor's appointment on April 21, 2010, but did not wait with them at the doctor's office. The doctor's office is near the Wal-mart. Appellant picked them up after the appointment and they dropped off some prescriptions at the Walgreen's adjacent to Wal-mart before returning home. When they arrived at the house and parked, they were approached by two angry men with bats. At first, the men would not let her out of the car, but Appellant asked them to let Zaragosa and her son go inside. She told her sister what was going on but she did not call the police. She did tell the police officers that the two men were armed with bats, but the officers denied that anyone had reported that to them, and they had not seen anyone with a weapon.

## JURY ARGUMENT

In Issue One, Appellant argues that the trial court erred in denying his motion for mistrial on the ground the prosecutor made an improper jury argument by striking at the defendant over the shoulders of his attorney. The State responds that Appellant's "improper argument" objection did not preserve the complaint presented on appeal.

During closing argument, defense counsel told the jury that he believed something had happened in the Wal-mart parking lot but the State had failed to prove beyond a reasonable doubt that Appellant was the same man who had exposed himself to Seijas. He focused his argument on how Appellant and his vehicle did not match Seijas's description. During rebuttal, the prosecutor made the following argument:

[The prosecutor]: Mr. Morales isn't contesting the fact that that's exactly what was going on in that parking lot. He didn't even get up here and ask you to find his client not guilty. Isn't that a little odd?

[Defense counsel]: Your Honor, I'm going to object to that. That's improper argument. I move for a mistrial at this point. The State knows that's improper --

The trial court overruled the objection and denied the request for a mistrial. Defense counsel attempted to clarify his objection by stating that the argument was an improper comment on the evidence.

To preserve a complaint for appellate review, a party must make a timely and specific objection. TEX.R.APP.P. 33.1(a)(1)(A); *Simpson v. State*, 119 S.W.3d 262, 268 (Tex.Crim.App. 2003). Further, the complaint raised on appeal must comport with the objection made at trial. *Turner v. State*, 87 S.W.3d 111, 117 (Tex.Crim.App. 2002). Appellant's objection to "improper argument" is too general to preserve error and the record does not show that the legal basis for the objection was apparent to the court and the State. *See Miles v. State*, 312 S.W.3d 909, 911 (Tex.App.--Houston [1st Dist.] 2010, pet. ref'd). Appellant's additional objection that the prosecutor's argument was an improper comment on the evidence is not the same as an objection that the prosecutor's argument was striking at the defendant over the shoulders of counsel. When a prosecutor makes uninvited and unsubstantiated accusations of improper conduct directed toward a defendant's attorney, in an attempt to prejudice the jury against the defendant, courts refer to this as striking at the defendant over the shoulders of his counsel. *Phillips v. State*, 130 S.W.3d 343, 355 (Tex.App.--Houston [14th Dist.] 2004, pet. ref'd)(op. on reh'g), *citing Gomez v. State*, 704 S.W.2d 770, 771-72 (Tex.Crim.App. 1985). We conclude that Appellant's objection did not preserve the issue raised on appeal. See *Marchbanks v. State*, 341 S.W.3d 559, 565 (Tex.App.--Fort Worth 2011, no pet.)(argument on appeal that the prosecutor's jury argument struck at the accused over the shoulders of counsel was not preserved by objection

that the argument was outside of the record).  We overrule Issue One.

**ATTORNEY'S FEES**

In his second issue, Appellant challenges the term of community supervision requiring him to reimburse El Paso County for his court-appointed attorney's fees on the ground there is no evidence to support a finding that he has the financial resources to offset the costs of services provided.  In support of his argument, Appellant cites *Mayer v. State*, 309 S.W.3d 552, 554-55 (Tex.Crim.App. 2010) and Article 26.05(g) of the Code of Criminal Procedure.[1]  The State responds that the issue is moot because the record does not reflect that Appellant has been required to reimburse El Paso County for attorney's fees.  We agree.

The trial court signed the terms and conditions of community supervision on September 9, 2011 and ordered Appellant to pay attorney's fees in an amount to be determined within sixty days.  The payment information sheet filed on that same date shows the amount of court appointed attorney's fees due as "$0.00."  Appellant's trial attorney submitted a claim in the amount of $2,741.50 for his fees and expenses and a payment in that amount was approved on October 21, 2011.  The record does not contain an amended community supervision order requiring Appellant to reimburse El Paso County for any portion or the full amount of those attorney's fees.  Further, there is nothing in the record to indicate that Appellant paid any portion of the attorney's fees as a condition of his community supervision.

---

[1]  An indigent criminal defendant can be required to reimburse the county for court-appointed counsel's fees in three instances.  The first two arise under Article 26.05(g) which provides that:  "If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.  TEX.CODE CRIM.PROC.ANN. art. 26.05(g)(West Supp. 2012).  The third instance arises under Article 42.12, § 11(a)(11) which authorizes the trial court to require a defendant placed on community supervision to reimburse the county in which the prosecution was instituted for compensation paid to appointed counsel for defending the defendant in the case.  TEX.CODE CRIM.PROC.ANN. art. 42.12, § 11(a)(11)(West Supp. 2012).  The trial court is required to consider the ability of the defendant to make payments before ordering him to reimburse the county for his court-appointed attorney's fees.  TEX.CODE CRIM.PROC.ANN. art. 42.12, § 11(b)(West Supp. 2012).

- 5 -

Courts do not have authority to provide advisory opinions, or to decide cases on hypothetical or contingent facts. *See General Land Office of Texas v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990); *Beltran v. Beltran*, 324 S.W.3d 107, 110 (Tex.App.--El Paso 2010, no pet.). A case is rendered moot when: (1) it appears that a party seeks to obtain a judgment upon some controversy, when in reality none exists; or (2) a party seeks a judgment upon some matter which cannot have a practical legal effect upon a then existing controversy. *Beltran*, 324 S.W.3d at 110. In the absence of any showing in the record that the trial court or community supervision department required Appellant to pay any portion of the attorney's fees, the issue raised on appeal is moot. There are two exceptions to the mootness doctrine: (1) capable of repetition yet evading review and (2) collateral consequences. *General Land Office*, 789 S.W.2d at 571. Neither of these exceptions applies here. Having found that the complaint raised in this issue is moot, we overrule Issue Two and affirm the judgment of the trial court.

October 16, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)