In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00238-CR**
_____

**PATRICK STEVAN HERRINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 1A District Court**
**Jasper County, Texas**
**Trial Cause No. 10759JD**

**MEMORANDUM OPINION**

A jury convicted Patrick Stevan Herrington of aggravated sexual assault of a child. In two issues, Herrington contends that the trial court erred in failing to issue findings of fact and conclusions of law after the trial court denied his motion to suppress his statement. Herrington argues that this was a violation of his due process rights.

Section 6 of article 38.22 states, "[i]n all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an

1

independent finding in the absence of the jury as to whether the statement was made under voluntary conditions." Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West Supp. 2013). It further provides that if the court finds that the statement was voluntary and admissible as a matter of law and fact, "the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based[.]" *Id.*

After the parties filed their appellate briefs, the trial court issued findings of fact and conclusions of law regarding defendant's motion to suppress, which was made part of the appellate record. These findings of fact and conclusions of law state the trial court's conclusions regarding the voluntariness of Herrington's statement and specify the findings of fact on which its conclusions were based. Neither party filed an amended or supplemental brief. The mere absence of the findings of fact and conclusions of law from the record seemingly forms the entire basis of both of Herrington's issues on appeal. Accordingly, we overrule Herrington's issues as they have been rendered moot by the trial court's findings of fact and conclusions of law that were entered after Herrington filed his brief. *See Beltran v. Beltran*, 324 S.W.3d 107, 110 (Tex. App.—El Paso 2010, no pet.) ("A case is rendered moot when: (1) it appears that a party seeks to obtain a judgment

2

upon some controversy, when in reality none exists; or (2) a party seeks a judgment upon some matter which cannot have a practical legal effect upon a then existing controversy."). We affirm the judgment of the trial court.

AFFIRMED.

$\underline{\hspace{6cm}}$
CHARLES KREGER
Justice

Submitted on December 2, 2013
Opinion Delivered January 29, 2014
Do not publish

Before McKeithen, C.J., Kreger, and Horton, JJ.