COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| THE STATE OF TEXAS, | | No. 08-09-00175-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | County Criminal Court at Law No. 1 |
| | § | |
| VANESSA M. MENDOZA, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20080C01360) |
| | § | |

**O P I N I O N**

The State of Texas appeals from an order suppressing evidence. Finding that the trial court reconsidered its original order while the appeal was abated and denied the motion to suppress, we dismiss the State's appeal as moot.

**MOOTNESS OF THE STATE'S APPEAL**

The State charged Appellee, Vanessa Mendoza, with driving while intoxicated. Mendoza filed a motion to suppress, which the trial court granted, and the State appealed. We reversed the trial court's order, but the Court of Criminal Appeals vacated our judgment and remanded the case with instructions to abate the appeal for the trial court to clarify her ambiguous factual findings and make an explicit credibility determination. *State v. Mendoza*, No. 08-09-00175-CR, 2011 WL 1157691 (Tex.App.--El Paso March 30, 2011), *reversed by State v. Mendoza*, 365 S.W.3d 666 (Tex.Crim.App. 2012). The Court of Criminal Appeals observed that the written

findings could be construed to imply that the trial judge believed the police officer was entirely reasonable and that she simply misapplied the law related to reasonable suspicion. *State v. Mendoza*, 365 S.W.3d at 672-73. On the other hand, the Court found it is equally possible that the trial judge made an implied credibility finding that supported her ruling, namely, that she disbelieved the officer. *Id.*, 365 S.W.3d at 673. The Court concluded that it should not assume either scenario to be true given that the trial judge is in the best position to clarify her ambiguous factual findings and make an explicit credibility determination. *Id.* The Court's opinion contemplated that the trial judge would not only clarify her written findings, but she would also reconsider Mendoza's motion to suppress in light of the clarified fact findings and credibility determination and the losing party could appeal that ruling. *Id.* ("Presumably the trial judge will then deny the motion to suppress if she accepts Officer Davila's version of the facts because the court of appeals correctly set out the applicable legal principles. And presumably the trial judge will again grant the motion to suppress if she disbelieved Officer Davila's version or finds that he was objectively unreasonable in his factual beliefs and conclusions.").

The trial judge has filed amended findings of fact and conclusions of law as instructed. In her original conclusion of law, the court determined that the officer did not have reasonable suspicion to stop the vehicle. In her amended conclusions of law, the judge states as follows:

> The Court finds the weaving within the lane several times, excessive braking, time of night, and the Officer's training and experience in detecting intoxicated drivers (as seen in the video and the testimony of Officer Davila) did justify a stop of the defendant's vehicle and did provide the police officer with sufficient reasonable suspicion to believe that the defendant was intoxicated.

Thus, the trial judge reconsidered her ruling as directed by the Court of Criminal Appeals and she reached a different conclusion. While the trial judge did not enter a separate written order on the motion to suppress, she implicitly denied Mendoza's motion to suppress. *See* TEX.R.APP.P.

33.1(a)(2)(A); *Montanez v. State*, 195 S.W.3d 101, 104-05 (Tex.Crim.App. 2006)(concluding that trial judge implicitly overruled defendant's motion to suppress even though there was no written order denying motion).

The State has filed a brief on remand urging that we review the merits of the trial court's original order granting Mendoza's motion to suppress in light of the amended findings and conclusions, but the trial court's reconsideration of her prior ruling and her implicit denial of the motion to suppress has rendered the State's appeal of the original order moot. Courts do not have authority to provide advisory opinions, or to decide cases on hypothetical or contingent facts. *See General Land Office of Texas v. OXY U.S.A., Inc*., 789 S.W.2d 569, 570 (Tex. 1990); *Beltran v. Beltran*, 324 S.W.3d 107, 110 (Tex.App.--El Paso 2010, no pet.). It is well settled that "a controversy must exist between the parties at every stage of the legal proceedings, including the appeal." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). A case is rendered moot when: (1) it appears that a party seeks to obtain a judgment upon some controversy, when in reality none exists; or (2) a party seeks a judgment upon some matter which cannot have a practical legal effect upon a then existing controversy. *Beltran*, 324 S.W.3d at 110. Further, we do not have jurisdiction to review the trial court's interlocutory order denying Mendoza's motion to suppress. As the losing party, Mendoza will have the opportunity to appeal the denial of her motion to suppress in the event she is convicted. *See State v. Mendoza*, 365 S.W.3d at 673. Accordingly, we dismiss the State's appeal as moot.

July 30, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rodriguez, J., not participating

(Do Not Publish)