COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| CITY OF EL PASO, | § | No. 08-19-00200-CV |
| Appellant, | § | Appeal from the |
| v. | § | 384th District Court |
| RHONDA E. LUEBS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2018DCV2030) |
| | § | |

## <u>MEMORANDUM OPINION</u>

This is an interlocutory appeal from the denial of a plea to the jurisdiction in a suit brought by Rhonda Luebs against the City of El Paso for personal injuries. On December 5, 2019, the City of El Paso filed a motion to dismiss the appeal as moot because the underlying case had been settled at the trial court level. The City's motion, while not presented as an agreed motion, nor containing a certificate of conference, does attach an order of dismissal signed by the trial court which dismisses all of Rhonda Luebs's claims against the City of El Paso. The order is also signed by counsel for the City and counsel for Luebs.[1]

A case is rendered moot when: (1) it appears that a party seeks to obtain a judgment upon some controversy, when in reality none exists; or (2) a party seeks a judgment upon some matter

---

[1] Luebs has not filed a response to the City's motion.

which cannot have a practical legal effect upon a then existing controversy. *Beltran v. Beltran*, 324 S.W.3d 107, 110 (Tex.App.--El Paso 2010, no pet.). That is to say, when an actual controversy no longer exists between the parties, "the decision of an appellate court would be a mere academic exercise." *Id.*, *quoting Hanna v. Godwin*, 876 S.W.2d 454, 457 (Tex.App.-- El Paso 1994, no writ). Mootness can arise from events occurring after a case is appealed. *Olson v. Comm'n for Lawyer Discipline*, 901 S.W.2d 520, 522 (Tex.App.--El Paso 1995, no pet.) (lawyer's challenge to his suspension from the practice of law was mooted by his death since the relief sought--reinstatement of his law license--was no longer possible).

The settlement below which resulted in the dismissal of all claims against the City of El Paso, similarly moots the issues before us. *See Amarillo v. R.R. Comm'n of Texas*, 511 S.W.3d 787, 794-95 (Tex.App.--El Paso 2016, no pet.) (settlement agreement mooted contested decision of PUC). We accordingly grant the City's motion and dismiss the appeal as moot.

JEFF ALLEY, Chief Justice

January 10, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

2