

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00304-CV

_____

MARY SUE KLEIN, INDIVIDUALLY AND AS TRUSTEE OF THE MARY SUE GST
EXEMPT TRUST, AND JANA BETH JOHNSON, INDIVIDUALLY AND AS TRUSTEE
OF THE JANA BETH GST EXEMPT TRUST, APPELLANTS

V.

JENNIFER KAY KLEIN, AS TRUSTEE OF THE
JENNIFER GST EXEMPT TRUST, APPELLEE

On Appeal from the 353rd District Court
Travis County, Texas
Trial Court No. D-1-GN-20-001392; Honorable Maya Guerra Gamble, Presiding

January 24, 2022

## ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL
## AND DENYING APPELLEE'S MOTION FOR SANCTIONS

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

This is an interlocutory appeal[1] from the trial court's order denying Appellants'

motion to compel arbitration.[2]  Pending before this court is *Appellee's Motion to Dismiss*

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1) (West 2019) (providing for interlocutory appeal of an order denying an application to compel arbitration).

[2] Originally appealed to the Third Court of Appeals, sitting in Austin, this case was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between precedent of transferor court and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

*Appeal as Moot,* requesting dismissal of this appeal based on Appellants' prior representation to the court that "[t]he parties to this appeal conducted mediation and settled the case." Appellee further requests that this court sanction Appellants pursuant to Rule 45 of the Texas Rules of Appellate Procedure and Rule 13 of the Texas Rules of Civil Procedure based on their failure to dismiss this appeal as agreed to in that settlement and their perpetuation of this appeal by the filing of a brief. We will grant Appellee's request that this appeal be dismissed as moot; however, we decline to impose sanctions under the facts of this case.

### BACKGROUND

This suit involves a family dispute between three siblings—Jennifer, Appellee, and her two sisters, Mary Sue and Jana Beth, Appellants—regarding the management of the Gray Wynn Klein Ranch in Clay County, Texas. Jennifer contends that her sisters are not properly managing the ranch and that they are misusing ranch assets for their personal benefit. Among other relief requested, Jennifer is seeking the appointment of a receiver to manage the ranch and settle various disputes.

The ranch and all of its assets, including land, cattle, and equipment, are owned by Gray Wynn Klein Ranch, L.P. The three siblings are separately, the trustee of one or more trusts that, as to each sister, collectively own 31.5% of the limited partnership. The remaining ownership interest (5.5%) is owned by the general partner, JBJM Herefords, LLC, a limited liability corporation, which, in turn, is owned equally by the three siblings. In other words, each sister controls certain trusts and owns certain partnership interests so as to maintain an equal ownership interest in the entire ranch. Day-to-day management of the ranch is governed by an agreement among the parties. By her lawsuit, Jennifer contends that she was fraudulently induced to sign that agreement.

2

The gravamen of Jennifer's complaint is that Mary Sue and Jana Beth have used their positions and control to unjustly enrich themselves at her expense by mismanaging and misappropriating limited partnership assets. As a result of this alleged mismanagement, Jennifer seeks substantial relief, including the appointment of a receiver "to protect the [partnership] property and other assets controlled" by the general partner and an injunction to prohibit Mary Sue and Jana Beth from "managing, operating, controlling . . . or otherwise carrying on business regarding assets controlled by" the general partner.

Because the ownership and operation of the ranch is governed by a partnership agreement, Mary Sue and Jana Beth sought to rely on the provisions of an arbitration clause in the partnership agreement as a means of settling their disputes. To expedite the possible disposition of this appeal and in the interest of conservation of judicial resources, on December 9, 2020, we granted a joint motion to abate the appeal pending mediation. All appellate deadlines, including the pending deadline to file Appellants' brief, were suspended. The case was removed from our active docket and treated as a suspended case, subject to further order of this court. *See* TEX. R. APP. P. 2, 43.6; *Mesa Water, L.P. v. Tex. Water Dev. Bd.*, No. 07-11-00153-CV, 2011 Tex. App. LEXIS 5311, at *2-3 (Tex. App.—Amarillo July 13, 2011, order) (per curiam).

On March 8, 2021, Appellants filed a *Mediation Status Report* in which a three-month extension of the abatement order was requested. That request was granted and the deadline to file a new status report was extended until June 8, 2021. On June 4, 2021, Appellants filed a second *Mediation Status Report* advising the court that mediation was scheduled for July 21, 2021. At that time, this court extended the abatement until August 9, 2021. On July 22, 2021, this court received a letter from Frank J. Douthitt,

3

Mediator, advising the court that the case was settled at mediation. On July 27, 2021, Appellants filed a third *Mediation Status Report* in which they reported that the case was settled through mediation. At that time, Appellants sought an extension of the abatement in order to document the settlement agreement. The abatement was extended by this court until November 8, 2021.

On November 8, 2021, Appellants filed a fourth *Mediation Status Report* in which they advised the court that a dispute had arisen relating to the mediated settlement agreement and a motion to enforce that agreement had been filed. Appellants' request for a fourth extension of the abatement order was denied, and on November 15, 2021, this court ordered the reinstatement of this appeal, commencing with the appellate deadline for the filing of Appellants' brief on December 20, 2021.

On December 20, 2021, Appellants filed the *Brief of Appellants,* contending the trial court erred in denying their motion to compel arbitration regarding this dispute. In response, Appellee filed *Appellee's Motion to Dismiss Appeal as Moot and For Sanctions.* By her motion, Appellee contends this court should dismiss this appeal as moot because the matter in controversy has been settled by agreement of the parties. Appellee further requests that this court impose sanctions on Appellants for the frivolous and bad faith pursuit of this appeal and the filing of Appellants' brief, which she contends was "groundless and filed in bad faith and for the purposes of harassment."

### ANALYSIS

When the parties to a dispute have settled their differences and entered into a settlement agreement, an appeal of the underlying controversy is rendered moot and may be dismissed. *See* TEX. R. CIV. P. 43.2(f). *See also Beltran v. Beltran*, 324 S.W.3d 107, 108 (Tex. App.—El Paso 2010, no pet.); *Hous. Auth. of Dallas v. Hechavarria*, No. 05-12-

4

01609-CV, 2014 Tex. App. LEXIS 1274, at *2 (Tex. App.—Dallas Feb. 4, 2014, no pet.); *In re Merrill Lynch*, *Pierce*, *Fenner & Smith*, *Inc.*, 195 S.W.3d 807, 817 (Tex. App.—Dallas 2006, orig. proceeding) (settlement of claims moots those claims on appeal); *Nawal Auto. v. JP Morgan Chase Bank*, No. 01-08-00979-CV, 2010 Tex. App. LEXIS 1542, at *1 (Tex. App.—Houston [1st Dist.] March 4, 2010, no pet.) (appellee's motion to dismiss appeal as moot due to settlement).

As to sanctions, where the court has ordered a party to file a brief by a date certain and that party complies with the court's order, such conduct can hardly be considered "groundless and filed in bad faith and for the purposes of harassment." By way of contrast, the filing of a motion for sanctions against a party for doing nothing more than complying with a court order is far more likely to be seen as being "groundless and filed in bad faith and for the purposes of harassment." To do so is much like the proverbial idiom, "the pot calling the kettle black." The party really inconvenienced by such "saber-rattling" and expenditure of judicial resources is this court.

### CONCLUSION

We grant Appellee's motion to dismiss this appeal as moot. All other pending motions in this appeal are overruled.

Patrick A. Pirtle
Justice

5