

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| WHATABURGER RESTAURANTS LLC, | § | No. 08-23-00017-CV |
| Appellant, | § | Appeal from the |
| v. | § | 57th Judicial District Court |
| ROSA ELIA FUENTES, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2022CI11371) |
| | § | |

## MEMORANDUM OPINION[1]

Appellant, Whataburger Restaurants LLC, appeals from an order denying its motion to dismiss based on the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011.[2] Appellee Rosa Elia Fuentes brought a negligence suit against Whataburger based on premises liability theories. Because we conclude that Fuentes's legal action in whole is exempted from TCPA coverage, we affirm.

---

[1] We hear this case on transfer from the Fourth Court of Appeals in San Antonio and apply that court's precedent as required by TEX. R. APP. P. 41.3.

[2] The legislature amended the TCPA effective September 1, 2019, for actions filed on or after that date, as applicable to the underlying action. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687. All citations to the TCPA are to the current version unless otherwise indicated.

BACKGROUND

On June 21, 2022, Fuentes filed suit against both Whataburger and against Selena Michelle Acevedo, who is not a party to this appeal. Fuentes alleged that, on or about May 10, 2021, she entered the drive-thru lane at a Whataburger restaurant located in Rio Grande City, Texas. Relevant to this appeal, Fuentes alleged that Acevedo rear-ended her vehicle twice while they both drove through a drive-thru line. Fuentes further claimed that after the second impact, she asked a Whataburger employee to call security or police to enable her to make a report. She then drove to the front of the restaurant to wait for an officer to arrive. When Acevedo pulled forward in line, a Whataburger employee at the drive-thru window advised Acevedo that Fuentes had asked for police officers to be called. Fuentes alleged that Acevedo next drove to the front of the restaurant, where she confronted Fuentes, and a physical altercation ensued. Fuentes alleged that "[n]o security, agent, servant, and/or employee of Whataburger stepped in to stop the altercation."

By her suit, Fuentes alleged a claim of negligence against Whataburger and assault against Acevedo. Against Whataburger, Fuentes alleged claims for negligent security and premises liability in the following respects:

[1]. In failing to keep the restaurant reasonably safe for its customers at the time of and/or prior to the time of [Fuentes's'] incident;

[2]. Lack of security outside or inside the restaurant;

[3]. In failing to maintain the restaurant in safe conditions;

[4]. In failing to warn [Fuentes's] of a potentially dangerous situation that could occur after an employee told Defendant, **SELENA MICHELLE ACEVEDO**, that the police were called to the scene;

[5]. In failing to implement and/or maintain the most basic of security measures;

[6]. In failing to properly hire, train and supervise its employees, agents, representatives, workers, managers, and staff in reference to a potentially dangerous situation that could occur;

2

[7]. In failing to appropriately train employees, agents, representatives, workers, managers, and staff to monitor such cameras and timely report perceived dangerous activity or respond when a person requests or needs assistance;

[8]. In failing to have adequate security policies and protocols;

[9]. In creating a dangerous condition that the Defendant had actual knowledge of, and

[10]. In failing to train employees, agents, representatives, workers, managers, and staff in basic security measures, including but not limited to the danger posed by Defendant **SELENA MICHELLE ACEVEDO.**

Fuentes's suit sought damages for pain and suffering, mental anguish, physical disability, medical expenses, and property damage.

Fuentes did not serve Whataburger with her suit until August 12, 2022. On September 2, 2022, Whataburger responded by filing an original answer asserting a general denial. On October 10, 2022, Whataburger filed a motion to dismiss "the property claim" pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code. Whataburger asserted that Fuentes's lawsuit qualified as a legal action filed in response to Whataburger's exercise of its right to free speech and right to petition. Whataburger further asserted that Fuentes could not establish a prima facie case of negligent security or premises liability. Seeking relief, Whataburger urged that Fuentes's "property claim" should be dismissed with prejudice pursuant to the protections of the TCPA. Finally, Whataburger asked the trial court to set a hearing to determine Whataburger's reasonable attorneys' fees and costs in defending against Fuentes's legal action.

In response, Fuentes asserted her suit was not premised on Whataburger's right to contact the police. Moreover, Fuentes claimed that the TCPA statute exempted her legal action from its provisions as she had sought a recovery for bodily injury. Whataburger replied asserting that the TCPA exemption did not apply to property damage.

3

On November 3, 2022, the trial court conducted a hearing on Whataburger's motion to dismiss, but it did not rule that day or within 30 days thereafter. As a result, the motion was denied by operation of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008. This accelerated, interlocutory appeal then followed. *See id.*

## ISSUES ON APPEAL

Whataburger presents seven issues asking the following questions: (1) whether communications to and about the police about alleged criminal activity or reckless driving are matters of public concern; (2) whether interactions with police are protected as a right to petition; (3) whether Fuentes can shield her actions from the TCPA by including an exempt claim in her pleadings that also contain non-exempt claims; (4) whether Fuentes failed to present clear and specific evidence establishing a prima facie case for each essential element of her claims; (5) whether claims of inadequate security are separate from an existing premises liability claim; (6) whether the action of calling the police created a dangerous condition; and (7) whether the trial court erred in denying its motion to dismiss pursuant to the TCPA.

On May 4, 2023, after briefing was completed, Fuentes filed with this Court a motion to dismiss the appeal asserting the case had become moot due to her having amended her petition such that she removed any request for property damage from her premises claim. Because it raises a jurisdictional question, we first consider Fuentes's motion to dismiss the appeal based on mootness.

## MOOTNESS

In her motion to dismiss, Fuentes asserts she amended her petition and deleted any claim for property damage. She urges that she has no intention to seek any property damage in the current litigation. Fuentes contends that, because of her pleading amendment, this Court no longer

4

possesses subject matter jurisdiction and requests the appeal be dismissed. In support of her motion, she attached her first amended petition filed on May 1, 2023.

"A case is rendered moot when: (1) it appears that a party seeks to obtain a judgment upon some controversy, when none exists; or (2) a party seeks a judgment upon some matter which cannot have a practical legal effect upon a then-existing controversy." *Beltran v. Beltran*, 324 S.W.3d 107, 110 (Tex. App.—El Paso 2010, no pet.). An actual controversy no longer exists between the parties when "the decision of an appellate court would be a mere academic exercise." *Id.* (quoting *Hanna v. Godwin*, 876 S.W.2d 454, 457 (Tex. App.—El Paso 1994, no writ)). Texas courts long recognize that the mootness doctrine affects a court's jurisdiction to decide a controversy. *Patterson v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 971 S.W.2d 439, 442 (Tex. 1998) (justiciability doctrines such as ripeness, standing and mootness, lie in the prohibition on advisory opinions, which in turn stem from the separation of powers doctrine set forth in Article 2, Section 1 of the Texas Constitution).

Although mootness implicates our subject matter jurisdiction, a concern is also raised by Whataburger's motion to dismiss that is based on the TCPA. Where a motion to dismiss, if granted, would afford more relief to a movant than the non-movant filing a nonsuit, the motion to dismiss "constitutes a claim for affirmative relief that survives a nonsuit[.]" *Rauhauser v. McGibney*, 508 S.W.3d 377, 381–83 (Tex. App.—Fort Worth 2014, no pet.), *overruled on other grounds by Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). This is true for motions to dismiss under the TCPA because they may "allow the movant to obtain a dismissal with prejudice, attorney's fees, and sanctions."[3] *Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV, 2018 WL

---

[3] When a controversy otherwise becomes moot through circumstances other than a nonsuit, a party's claim for attorney's fees under a prevailing-party statute like the TCPA "remains a live controversy [only] if the party prevailed before the underlying claim became moot." *Glassdoor, Inc. v. Andra Group, LP*, 575 S.W.3d 523, 530-31 (Tex. 2019) (finding underlying case moot when the statute of limitations ran on any potential claim during pendency of appeal

3118601, at *14 (Tex. App.—Houston [14th] Dist.] June 26, 2018, writ denied) (mem. op.); *see also Diogu Law Firm PLLC v. Melanson*, No. 14-18-01053-CV, 2020 WL 6142902, at *6 (Tex. App.—Houston [14th Dist.] October 20, 2020, no pet.) (mem. op.) (recognizing the outcome of a TCPA motion to dismiss survives a claimant's nonsuiting of the claim for which dismissal is sought).

Here, Fuentes removed her request for property damage from her live petition only after Whataburger had sought to dismiss "the property claim" under the TCPA. Fuentes's pleading amendment operated to omit any claim of property damage. *See J.M. Huber Corp. v. Santa Fe Energy Res., Inc.*, 871 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (describing that "[a]n amended petition . . . supersedes all prior petitions and operates to dismiss parties and causes of action to the extent they are omitted from the amended pleading"). Moreover, Rule 162 of the Texas Rules of Civil Procedure permits a plaintiff to dismiss a case or take a non-suit at any time before introducing all of her evidence other than rebuttal evidence. *See* TEX. R. CIV. P. 162. Even so, Fuentes's right to non-suit does not necessarily limit Whataburger's right to have its affirmative claim—its motion for dismissal with prejudice and request for attorney's fees pursuant to the TCPA—reviewed on appeal. *See id.* ("Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief. . . . A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court."). Consequently, because a live controversy remains between the parties, we deny Fuentes's motion to dismiss based on mootness. Accordingly, our subject matter jurisdiction is implicated to consider Whataburger's appeal of the trial court's denial of its TCPA motion to dismiss.

and holding respondent could not appeal the denial of a motion to dismiss a Rule 202 petition under the TCPA since it did not prevail before the case became moot).

Having denied Fuentes's motion, we now turn to the merits of the appeal.

## TCPA PRINCIPLES AND THE STANDARD OF REVIEW

Whether the TCPA applies to a legal action is an issue of statutory interpretation that we review de novo. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019). In conducting our review, we must construe the TCPA "liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(b); *State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018). "The TCPA was designed to protect both a [movant's] rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries the [movant] caused." *Montelongo v. Abrea*, 622 S.W.3d 290, 295 (Tex. 2021); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. Consistent with general rules of statutory construction, we ascertain and give effect to the legislature's intent as expressed in the statutory language, considering the specific language at issue and the TCPA as a whole, and we construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context or unless such a construction leads to absurd results. *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied); *see also Crosstex Energy Services, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014).

We consider, in the light most favorable to the nonmovant, the pleadings, evidence a court could consider under civil procedure Rule 166a, and supporting and opposing affidavits stating the facts on which the liability or defense is based. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). A claimant's pleadings are usually "the best and all-sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

The TCPA provides for a three-step process for the dismissal of a legal action to which it applies. *See id.* In the first step, the movant has the burden to prove by a preponderance of the evidence that plaintiff's claims "is based on, relates to, or is in response to the [movant's] exercise

7

of" the right of free speech, right to petition, or right of association, as those rights are statutorily defined. *In re Lipsky*, 460 S.W.3d 579, 586–87. (Tex. 2015) (orig. proceeding). If the movant meets their burden, the court then looks to whether the non-movant has "establishe[d] by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *see also Darnell*, 588 S.W.3d at 300–01. If the nonmovant fails to meet their burden under the second step, the claim must be dismissed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). However, if the nonmovant meets their burden under the second step, the third step still requires dismissal if the movant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *See id.* § 27.005(d).

A "legal action" means a "lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(6). An "exercise of the right of free speech" means a communication made in connection with a matter of public concern. *Id.* § 27.001(3). An "exercise of the right to petition" means, among other things, (1) a communication in or pertaining to "an executive or other proceeding before a department of the state or federal government," or (2) "communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding." *Id.* 27.001(4).

A "communication" is broadly defined as "the making or submitting of a statement or document in any form or medium." *Id.* § 27.001(1). The definition does not include a "failure to communicate." *DOJO Bayhouse, LLC v. Pickford*, No. 14-20-00237-CV, 2021 WL 6050677, at *4 (Tex. App.—Houston [14th Dist.] Dec. 21, 2021, no pet.) (mem. op.). As relevant here, a "matter of public concern" means a statement or activity regarding "a matter of political, social,

8

or other interest to the community" or "a subject of concern to the public." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(7).

Intertwined with and overlaying this multi-step dismissal process is the TCPA provision exempting certain actions from the TCPA's application. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(a) (listing 12 exemptions under current statute). "A party can avoid the TCPA's burden-shifting requirements by showing that one of the exemptions applies." *Temple v. Cortez Law Firm, PLLC*, 657 S.W.3d 337, 343 (Tex. App.—Dallas 2022, no pet.); *Clean Energy v. Trillium Transp. Fuels, LLC*, No. 05-18-01228-CV, 2019 WL 3212145, at *3 (Tex. App.—Dallas July 9, 2019, no pet.) (mem. op.). The nonmovant bears the burden of proving a statutory exemption. *Temple*, 657 S.W.3d at 343; *Clean Energy*, 2019 WL 3212145, at *3. In relevant part, the "exemptions" section of the TCPA provides that the TCPA does not apply to "a legal action seeking recovery for bodily injury, wrongful death, or survival." TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(a)(3).

## PROPERTY DAMAGE

Whataburger's third issue contends that a TCPA exemption does not apply to Fuentes's property damage claim. Putting aside the complex question posed by step one of a TCPA analysis,[4] we choose to consider first whether an exemption applies. Whataburger asserts that because it directed its motion to dismiss against Fuentes's request for property damage only, it argues that Fuentes may not "shield her entire case" from a TCPA dismissal, nor can she prevent it from seeking attorney's fees based on that dismissal.

---

[4] In scenarios where a TCPA movant's step-one burden and a nonmovant's TCPA exemption are both disputed, the TCPA does not answer the question of which issue must be address first. Our sister court has determined that a court may consider a nonmovant's exemption first, if it chooses to do so in accordance with our appellate rules. *See Temple, PLLC*, 657 S.W.3d at 346; *see also* TEX. R. APP. P. 47.1 (providing courts "must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"). Because the TCPA does not apply when one of the exemptions of the statute applies, we decide to address this issue first.

Section 27.010(a)(3) provides that Chapter 27 "does not apply to . . . a legal action seeking recovery for bodily injury, wrongful death, or survival or to statements made regarding that legal action." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(a)(3). Whataburger acknowledges that Fuentes's legal action based on premises liability seeks recovery for both bodily injury and property damage. To that extent, it concedes that the bodily injury portion of the premises claim is expressly exempted from the TCPA's provisions. Nevertheless, it argues that the remaining portion of the claim—that is, the portion seeking property damage only—is not exempted from the TCPA's coverage. Thus, it argues that a portion of the damages sought in the premises claim requires a dismissal with prejudice as to that portion, and such dismissal should include court costs and attorney's fees.

In other words, Whataburger asserts that Fuentes's premises liability claim, which is the only cause of action asserted against it, can be subdivided into separate damage claims for purposes of the TCPA's provisions. That is, one claim seeking recovery of bodily injuries, and a second claim seeking property damage alone. From there, it argues that even though the TCPA would not apply to the bodily injury claim, it would apply to the claim for property damage. In support of this view of the meaning of "legal action," Whataburger cites to *KB Home Lone Star Inc. v. Gordon*, 629 S.W.3d 649, 657 (Tex. App.—San Antonio 2021, no pet.). On review, however, we conclude that *KB Home* is factually distinguishable.

There, in responding to a motion for dismissal under the TCPA, the plaintiffs argued they filed suit under the DTPA, among other causes of action, and the TCPA did not apply to such claim. *See id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.010). Yet, more narrowly, the defendant-movant had only sought a TCPA dismissal of plaintiffs' motion for sanctions, not plaintiffs' DTPA claim or any of its other causes of action. *Id.* Relying on controlling precedent of the Supreme Court of Texas, *KB Home* described the TCPA's use of "legal action" as being

10

"capacious," meaning it expansively included "a lawsuit or any filing within a lawsuit that seeks legal, declaratory, or equitable relief." *Id.* (citing *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131 (Tex. 2019)). As a result, *KB Home* determined that a "legal action" included plaintiffs' motion for sanctions filed within its suit based on several causes of action, and such motion itself sought monetary damages. *Id*. Because "legal action," as used by the TCPA, included "any court filing requesting monetary relief," and the TCPA did not otherwise exclude sanctions motions from that definition, *KB Home* found no support in the statute for the exclusion of a motion for sanctions from the definition of a "legal action." *Id*. *KB Home* described that, while § 27.010(a)(7) exempts a DTPA claim, it "does not exempt any other claim, document, or filing requesting legal, declaratory, or equitable relief that might otherwise be subject to the TCPA." *Id.*

Based on this expansive view of the meaning of "legal action" under the TCPA's terms, *KB Home* rejected the plaintiffs' argument that the presence of a DTPA legal action within the lawsuit as a whole otherwise barred a meritorious TCPA motion to dismiss filed against plaintiffs' motion for sanctions. *Id*. In short, *KB Home* viewed the motion for sanctions as a legal action within a legal action. *Id*. Such reasoning was also followed by the Tyler Court of Appeals in *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 282 (Tex. App.—Tyler 2021, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.010 and *KB Home Lone Star Inc.*, 629 S.W.3d at 657) ("Given that any particular lawsuit may involve multiple parties redressing several independent injuries through a multitude of different causes of action, [the statute's] laundry list exemption methodology demonstrates the legislature's intent to examine each exemption on a cause of action by cause of action basis within the context of the entire lawsuit that otherwise falls within the TCPA."). Although these authorities recognize that a legal action may include multiple types of claims, pleadings, or causes of action, neither *KB Home* nor *Baylor Scott & White* stand

for the proposition that the legislature intended to examine a single cause of action determining whether each exemption applied as to the various damages sought.

Here, Fuentes brought a single negligence cause of action against Whataburger based on various theories of premises liability.[5] Under that claim, Fuentes sought personal injury damages and property damage. A "legal action" means a "lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(6). The relief sought within a "legal action" or "cause of action," may vary depending on the nature of the suit. Under the TCPA, a legal action seeking recovery for bodily injury will be exempt from its application. *See id.* § 27.010(a)(3). But it does not follow from that exemption that bodily injury damage itself stands apart from the pleaded legal action. Viewing the legal action as a whole, "it does not matter that the claim could also result in recovery of damages that arguably fall outside the meaning of 'bodily injury.'" *Union Pac. R.R. Co. v. Dorsey*, 651 S.W.3d 692, 701-02 (Tex. App.—Houston [14th Dist.] 2022, no pet.); *see also Cavin v. Abbott*, 545 S.W.3d 47, 57 (Tex. App.—Austin 2017, no pet.) (holding the TCPA did not apply to an assault claim, which sought recovery for "bodily injury," even though some of the sought-after damages "would arguably fall outside 'bodily injury'").

Although the application of an exemption is determined on a cause-of-action-by-cause-of-action basis, and other affirmative claims may also be included within a lawsuit, we reject Whataburger's unsupported argument contending that Fuentes's suit seeking property damage can be isolated from its pleaded cause of action. Property damage does not stand apart from the bodily

---

[5] Fuentes asserted Whataburger was negligent under theories of negligent security and premises liability. We note that negligent security is encompassed in a claim of premises liability. *See Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 776 (Tex. 2010) ("We have repeatedly treated cases involving claims of inadequate security as premises-liability cases.").

injury damages included in the negligence lawsuit, and thus, the TCPA exemption applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(a)(3). Accordingly, we find no error in the trial court's denial of Whataburger's TCPA motion to dismiss because Fuentes established her legal action for negligence was exempted from the TCPA's coverage. Accordingly, we overrule Whataburger's third issue.

## THE REMAINING ISSUES

In light of our disposition of issue three, we do not reach Whataburger's remaining issues. S*ee* TEX. R. APP. P. 47.1 (courts "must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"). The applicability of an exemption means that the TCPA and its fee-shifting provision does not apply. As an unsuccessful movant, Whataburger is not entitled to an award of attorney's fees or costs. *See* TEX. CIV. PRAC. REM. CODE ANN. § 27.009(a)(1) ("[I]f the court orders dismissal of a legal action under [Chapter 27] the court shall award to the moving party court costs and reasonable attorney's fees incurred in defending against the legal action").

## CONCLUSION

We affirm the trial court's denial of Whataburger's TCPA motion by operation of law.


GINA M. PALAFOX, Justice

September 7, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.